**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | No. 17-MJ-111-LRR |
| vs. | | |
| DARRELL SMITH, | | **ORDER** |
| Defendant. | | |

## I.  INTRODUCTION

The matter before the court is the pretrial detention of Defendant Darrell Smith in the above-captioned matter.

## II.  RELEVANT PROCEDURAL HISTORY

On March 31, 2017, a criminal complaint (docket no. 2) was filed against Defendant alleging: (1) mail fraud in violation of 18 U.S.C. § 1341; (2) wire fraud in violation of 18 U.S.C. § 1343; (3) aggravated identity theft in violation of 18 U.S.C. § 1028A; and (4) money laundering in violation of 18 U.S.C. §§ 1956(a)(1) and 1957. *See* Complaint at 1.  On April 26, 2017, Defendant appeared before the undersigned for an initial appearance, following which Defendant was temporarily detained pending a detention hearing.  *See* April 26, 2017 Minute Entry (docket no. 9); Order of Temporary Detention (docket no. 8).  On May 1, 2017, the United States Probation Office filed the Pretrial Services Report (docket no. 11).  On that same date, the court held a preliminary hearing and detention hearing.  *See* May 1, 2017 Minute Entry (docket no. 12).  At the hearing, the government was represented by Assistant United States Attorney Timothy Vavricek.  Defendant appeared personally with his attorney, Michael Lahammer.  At the conclusion of the hearing, Defendant conceded that the government had met its burden for

purposes of the preliminary hearing. No further written order from the court shall issue on that matter.

## III. RELEVANT FACTUAL BACKGROUND

### A. Evidence

At the detention hearing, the government introduced Exhibits 1-8, which are materials associated with Defendant's prior criminal case in *United States v. Darrell Smith*, 16-CR-2002-LTS ("2016 proceedings"). The government also offered the previously filed Pretrial Services Report and the Affidavit of Special Agent Scott Irwin of the Federal Bureau of Investigation in Support of the Complaint ("Irwin Affidavit") (docket no. 2). The government also introduced the testimony of Special Agent Scott Irwin. The court took judicial notice of the underlying criminal file in the 2016 proceedings. *See United States v. Morris*, 451 F.2d 969, 972 (8th Cir. 1971) ("[T]he district court may take judicial notice of its own records.") (citing *Chandler v. United States*, 378 F.2d 906, 909 (9th Cir. 1967)). The evidence supports the following facts regarding the instant matter.

Defendant "was a broker and investment adviser for several investment firms." Irwin Affidavit at 4. "On a number of occasions, [Defendant] . . . caused money to be transferred or checks to be issued via wire and/or mail from his clients' investment accounts without their knowledge or authorization." *Id*. at 5. Defendant subsequently "deposited the funds in accounts he controlled . . . and then used those funds for the operation of Permeate," a biofuel company owned by Defendant, "and for other purposes." *Id*. Defendant "effectuate[d] the unauthorized transfer of funds via wire or issuance of checks via mail from his clients' investment accounts by providing the company with an authorization purportedly signed by the client authorizing the withdrawal of funds from the investment account." *Id*. He "either used pre-signed, blank authorization forms or forged his clients' signatures without their authority." *Id*.

At the hearing, Special Agent Irwin testified extensively about misrepresentations Defendant made to the court when seeking pretrial release in the 2016 proceedings. He

also testified that Defendant attempted to contact individuals whom he was prohibited from contacting, in violation of the court's order. He also testified that Defendant contributed to a report for prospective investors, which contained several misrepresentations. The report was distributed to prospective investors while Defendant was on pretrial release in the 2016 proceedings.

## B. Pretrial Services Report

Except for Defendant's recent period of incarceration, he has resided with his wife in Forest City, Iowa for twenty-three years. If released, Defendant intends to reside with his wife at their home in Forest City. Defendant reports that he is in "poor" health, evidenced by significant weight loss, back pain and dental problems. Defendant has no history of alcohol abuse and denied the illegal use of controlled substances. Defendant has significant financial resources.

Defendant's criminal history consists of a 2016 conviction for failure to account for and pay over employment tax. *See* 2016 Proceedings. While that charge was pending, Defendant was initially released on pretrial supervision. The government filed a motion to revoke pretrial release, which the court denied. The government then filed a second motion to revoke pretrial release and Defendant was subsequently detained pending trial in that case.

## IV. ANALYSIS

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id*. at 755.

## A. Legal Standard

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988).

The court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id*.

Regarding the first step, pretrial detention is not authorized unless the court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types": crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. *Id*. § 3142(f)(1)(A)-(E). The last two enumerated circumstances where a hearing is authorized involve a serious risk of flight or a serious risk the defendant will obstruct justice. *Id*. § 3142(f)(2)(A)-(B).

Regarding the second step, if, after a hearing, "the [court] finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the court must order the defendant detained pending the trial. *Id*. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. *Id*. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance and the safety of the community, the court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and

mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g); *see also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

### *B. Analysis*

Although the offenses alleged in the criminal complaint are not violent offenses, the court finds, for the reasons discussed below, that Defendant should be detained pending trial pursuant to 18 U.S.C. § 3142(f)(2) because the government has established by a preponderance of the evidence that there is a serious risk that Defendant will obstruct or attempt to obstruct justice. The court next considers whether there is any condition or combination of conditions that will reasonably assure the safety of the community and reasonably assure the defendant's appearance.

The weight of the evidence against Defendant is strong. Special Agent Irwin provided a detailed account of Defendant's activities, including the clients involved, the specific accounts from which Defendant withdrew funds and the particular accounts controlled by Defendant into which he deposited those funds. Special Agent Irwin further testified that Defendant effectuated these transfers without the knowledge or consent of the clients involved. Special Agent Irwin provided detailed statements regarding Defendant's methods for perpetrating the crimes alleged in the complaint. Special Agent Irwin's statements were based on his personal knowledge, information from law enforcement personnel and from persons with knowledge of relevant facts. In light of this testimony, the strength of the evidence against Defendant weighs in favor of detention.

The most important factor in this case, and the basis of the court's finding that Defendant will obstruct justice if released prior to trial, is Defendant's poor performance

on pretrial release during the 2016 proceedings. Defendant violated the terms of his pretrial release by failing to timely make one weekly call-in to his probation officer as directed, failing to report contact with law enforcement, maintaining employment in a fiduciary capacity against the court's order and traveling outside of the Northern District of Iowa without permission. Pretrial Services Report at 6. At the first revocation hearing, Magistrate Judge Jon S. Scoles stated, "[F]rankly, I get the impression from the defendant that he'll say and do anything in order to advance his interests. He does what he wants when he wants and apparently without . . . a lot of regard for court orders." March 8, 2016 Revocation Hearing Transcript (2016 Proceedings docket no. 60) at 48.

Despite Judge Scoles's extensive efforts to impress upon Defendant the importance of complying with pretrial release, Defendant again violated the conditions of his pretrial release in the 2016 proceedings. At the hearing on the second motion to revoke pretrial release, Judge Scoles highlighted the "testimony about breaking and entering, testimony about attempts to dispose of documents by throwing them in a dumpster, lying to his probation officer, potentially violating a cease and desist order that was entered by the state a couple of years [prior] prohibiting him from selling securities . . . [and] a signature on a document [that] had been forged after the defendant had been released initially." May 26, 2016 Revocation Hearing Transcript (2016 Proceedings docket no. 77) at 81. Judge Scoles concluded that Defendant "simply does not believe that any court should be able to tell him what to do, and he's going to do what he's going to do." *Id*. at 85. In denying Defendant's later appeal of Judge Scoles's order, United States District Court Judge Leonard T. Strand[1] found that Defendant had "flagrantly violated his conditions of pretrial release." Order on Defendant's Appeal of Magistrate Judge's Order (2016 Proceedings docket no. 112) at 7. Defendant's abysmal performance on pretrial release only one year ago weighs heavily in favor of detention.

---

[1] On February 11, 2017, Judge Strand became Chief Judge of the Northern District of Iowa.

The court also considers the nature and seriousness of the danger to the community that would be posed by Defendant's release. Although not violent in nature, Defendant faces serious charges. While previously on pretrial release, Defendant attempted to act in a fiduciary capacity in violation of the court's order. The possibility of continued financial danger weighs in favor of detention.

The court acknowledges that Defendant has lived with his wife in Forest City, Iowa for twenty-three years and he does not have a history of alcohol or substance abuse which reflects a degree of stability in his life and community. Defendant's criminal history consists of one offense. He also reports poor physical and mental health. Although these factors might weigh in favor of release, they do not allay the court's concerns in this case given Defendant's repeated noncompliance with conditions of supervision and prior court orders.

After weighing all the factors at 18 U.S.C. § 3142(g) the court finds by a preponderance of the evidence that there is a serious risk Defendant will obstruct or attempt to obstruct justice. The court concludes there is no condition or set of conditions that will reasonably assure the court that Defendant will not attempt to obstruct justice or disobey court orders. Therefore, Defendant shall be detained pending trial.

## V. CONCLUSION

**IT IS THEREFORE ORDERED** as follows:

1.  Defendant is committed to the custody of the Attorney General for confinement in a corrections facility, separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2.  Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3.  On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the

person is confined deliver the person to a United States marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

**DATED** this 3rd day of May, 2017.

LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA